

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| KRISTEN CLIFTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CASE NO.   CJ-2013-6837 |
| | ) | |
| SHELTER MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## 1ST AMENDED PETITION

COMES NOW the Plaintiff, KRISTEN CLIFTON, and for her claim against the defendant, alleges and states as follows:

1. The plaintiff, KRISTEN CLIFTON is a resident of Oklahoma County.

2. The defendant, SHELTER MUTUAL INSURANCE COMPANY, (hereinafter "Shelter") is a corporation authorized to provide insurance in the State of Oklahoma. Service can be obtained on Defendant Shelter by serving Oklahoma Insurance Commissioner, P.O. Box 53408, Oklahoma City, OK 73152.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in the State of Oklahoma because Defendant "Shelter" is a corporation licensed to provide insurance in the State of Oklahoma.

4. Venue is proper in The District Court of Oklahoma County in that the acts that are the subject of this petition took place in Oklahoma County, State of Oklahoma.

### FACTS

5. On or about May 12, 2012, plaintiff was struck by a motor vehicle while a pedestrian resulting in personal injuries.



FURTHER, pursuant to 23 O.S. § 9.1 (B) and because the acts and omissions of the defendant represent a total disregard for the rights of the plaintiff, Plaintiff prays for and is entitled to judgment against the defendant for exemplary damages.

**ATTORNEYS' LIEN CLAIMED**

**JURY TRIAL DEMANDED**

Respectfully submitted,

LAW OFFICES OF MICHAEL D. LEWIS

*[signature]*

Michael D. Lewis, OBA #12131
6116 N.W. 63rd Street, Suite 100
Oklahoma City, OK 73132
Telephone: (405) 720-2225
Facsimile: (405) 848-6834
ATTORNEY FOR PLAINTIFF

4

6. The Plaintiff has incurred medical expenses in excess of Thirteen Thousand Dollars ($13,000.00).

7. Plaintiff suffered severe injuries including a closed-head injury and a severe injury to her right femur including a fibular head fracture which required immobilization and Plaintiff to be non-ambulatory.

8. At the time of the accident the adverse driver did not have sufficient coverage for the damages suffered by the Plaintiff as such damages are in excess of the insurance policy limits. Plaintiff has collected policy limits of Twenty-Five Thousand Dollars ($25,000.00) from the at-fault driver.

**BAD FAITH**
**BREACH OF CONTRACT**
**FRAUD**

9. On or about May 12, 2012, (the date of the subject accident), Plaintiff was a member of the insured's residence and a named insured under several policies of insurance between defendant "Shelter" and her parents Ron Clifton and Cindy Clifton.

10. Plaintiff is now aware of the following policies which were in effect at the time of the above referenced accident:

   a.  Policy 35-1-2969336-3 for a 2008 Honda Civic    (25/50)
                                2010 Honda Civic       (25/50)
   b.  Policy 35-1-2969336-6 for a 1998 Ford 150       (NO UM)
   c.  Policy 35-1-2969336-8 for a 1978 Honda          (NO MP, NO UM)
   d.  Policy 35-1-29693336-10 for a 1998 Chevy Van    (25K med pay)
   e.  Policy 35-1-2969336-12 for a 2007 Ford150       (NO UM)
   f.  Policy 35-1-2969336-13 for a 2004 Ford Expedition (100/300)
   g.  Policy 35-1-2969336-14 for a 2010 Chevy Cobalt  (NO UM)
   h.  Policy 35-1-2969336-15 for a 1988 Ford F150     (NO UM)
   i.  Policy 35-1-2969336-16 for a 1950 Ford Custom   (NO UM)

11. Some of these policies allowed for Uninsured and Underinsured Motorist protection in the amount of $25,000 each person, $50,000 each accident and some

2

policies allowed Uninsured and Underinsured Motorist protection in the amount of $100,000 each person, $300,000 per accident.

12. Some of the policies allowed $5,000.00 medical payment provision and at least one of the policies allowed for a $25,000.00 medical payment provision. .

13. Inquiry was made to the defendant "Shelter" on June 8, 2012 to ascertain any available insurance coverage for the plaintiff.

14. On or about January 11, 2013, defendant "Shelter" replied that on the date of the subject accident that there was $5,000.00 medical payment coverage available and no Uninsured/Underinsured Motorist coverage available under Policy No. 35-1-2969336-14.

15. Defendant failed to disclose available coverage from any other policy and fraudulently concealed these true facts..

16. Defendant has failed to deal fairly and in good faith with Plaintiff's claim and has also committed breach of contract. As a result, Plaintiff has suffered emotional and financial distress and other losses.

17. Defendant has committed bad faith and is guilty of oppression, fraud and malice.

WHEREFORE, the plaintiff prays for judgment against the defendant for actual damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, together with interest, attorney fees, costs of this action, compensatory damages for mental suffering and distress, and such other relief as this Court shall deem just and proper.